UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KARLA L. PARSONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CV-419-TRM-DCP |
| JOHNSON & JOHNSON and ETHICON, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before Court is Defendants' Motion to Strike Plaintiff's Deficient Expert Disclosures or to Compel Compliant Disclosures and Supporting Memorandum of Law [Doc. 113]. Plaintiff responded [Doc. 118] in opposition to the Motion, and Defendants replied [Doc. 122]. The Motion is ripe for adjudication. Accordingly, for the reasons explained below, the Court **GRANTS** Defendants' Motion [**Doc. 113**] and **ORDERS** Plaintiff to submit updated expert disclosures in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

I.      POSITIONS OF THE PARTIES

Defendants move [Doc. 113] the Court to strike Plaintiff's expert disclosures or order Plaintiff to comply with Rule 26(a)(2)(B). Specifically, Defendants state that three of the expert disclosures reference hundreds of pages of prior trial testimony as part of the experts' opinions in this case. In addition, Defendants argue that two of the expert disclosures identify deposition testimony as part of the disclosures. Defendants state that Plaintiff improperly relies on a Stipulation and Agreement of the Parties Regarding Use of Previous Discovery ("Stipulation") [Doc. 25] as a basis for her reliance on the experts' prior trial and deposition testimonies, but

Plaintiff misconstrues the parties' Stipulation, and the Stipulation does not allow Plaintiff to avoid her obligations under Rule 26(a)(2)(B).

Specifically, Defendants state that Plaintiff disclosed the following experts: (1) Daniel Elliot, M.D., (2) Uwe Klinge, M.D., (3) Ann Weber, M.D., and (4) Peggy Pence, M.D. Defendants argue that Plaintiff's expert disclosures include prior deposition and trial testimony, but it is not exactly clear what Plaintiff relies on from the experts' prior testimonies. In addition, Defendants state that Plaintiff does not attempt to specify or fairly identify the testimony or opinions that are relevant in this case.

Plaintiff responds [Doc. 118] that the Court should reject Defendants' arguments to strike the experts' reports. Plaintiff denies that her expert disclosure reports are deficient and states that Defendants should not waste the Court's time in deciding *Daubert* issues that the court in the multi-district litigation ("MDL") already determined. Plaintiff states that prior testimony coupled with an expert's report determine admissibility at trial. Plaintiff submits that it is proper to consider testimony as part of a Rule 26 disclosure and that Rule 26 does not limit the length of reports. Plaintiff states that several of the expert reports were used in the MDL during certain waves and that referencing trial transcripts fairly identifies the experts' opinions.

Defendants reply [Doc. 122] that Plaintiff has missed the point. Defendants state that Plaintiff appears to argue that because her experts' reports were disclosed in the MDL years before she experienced her alleged injuries and all have been subject of prior *Daubert* motions, then Plaintiff may cite to any and all prior testimony and deem it an expert report. Defendants maintain that Plaintiff's reliance on thousands of pages of deposition and trial testimony as an expert report is an egregious violation of Rule 26. Defendants state that the parties stipulated that they would not re-depose certain experts, which renders the expert disclosures in this case even more

important. Defendants argue that Plaintiff conflates use of former testimony at trial with her obligation to make appropriate disclosures under Rule 26.

**II.   ANALYSIS**

Accordingly, the Court has considered the parties' positions as outlined above, and the Court finds Defendants' request well taken.

The Court will begin with Rule 26(a)(2)(B), which governs the expert disclosures in the instant matter. Specifically, Rule 26(a)(2)(B) provides as follows:

> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > **(i)**    a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > **(ii)**   the facts or data considered by the witness in forming them;
> >
> > **(iii)**  any exhibits that will be used to summarize or support them;
> >
> > **(iv)**   the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > **(v)**    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > **(vi)**   a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26. "The purpose of Rule 26(a)(2)(B) is to avoid unfair surprise to the opposing party." *Evans v. Cardinal Health*, No. 19-10751, 2020 WL 8459004, at *5 (E.D. Mich. Nov. 19, 2020). The expert report is not required to "replicate every word that the expert might say on the

3

stand," but it must "convey the substance of the expert's opinion . . . so that the opponent will be ready to rebut, cross-examine, and to offer a competing expert if necessary." *Id.* (quoting *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010)).

As mentioned above, Defendants object to Plaintiff's expert disclosures because they incorporate prior deposition and trial testimony. For instance, in Dr. Elliot's expert disclosure, Plaintiff states that she expressly makes part of his disclosure the testimony that Dr. Elliot provided in *Hammons v. Ethicon*, No. 003913 (Philadelphia County, Court of Common Pleas). [Doc. 113-1 at 2]. Plaintiff states that in the alternative, she "intends to present some of the testimony by Dr. Elliot in *Kaiser v. Ethicon*, 2:17-CV-000114-PPS given on 2-26-18 and 2-27-18." [*Id.*]. Plaintiff makes a similar disclosure with respect to Dr. Weber. [*Id.* at 3] ("We also expressly make part of this disclosure the testimony Dr. Weber gave in *Hammons v. Ethicon*, No. 003913 (Philadelphia County, Court of Common Pleas)." With respect to Dr. Klinge, Plaintiff states, "We also expressly make a part of his disclosure the testimony Dr. Klinge gave in the transvaginal mesh ligation on 11/10/14 in *Bellew v. Ethicon*." [*Id.* at 2]. Finally, in disclosing Dr. Pence, Plaintiff includes the following statement, "We also expressly make a part of this disclosure the testimony Dr. Pence gave in *Gross v. Ethicon*, No. ATL-L-6966-10 (Superior Court of New Jersey, Atlantic County/Civil Division)." [*Id.* at 4].

The Court finds Plaintiff's expert disclosures deficient under Rule 26(a)(2)(B). Specifically, the Court finds the following case instructive, *Ingram v. Novartis Pharm. Corp.*, 282 F.R.D. 563 (W.D. Okla. 2012), *order clarified on reconsideration* (June 29, 2012). In *Ingram*, plaintiff provided expert disclosures that incorporated the experts' trial and deposition testimonies in other cases, including in a multi-district litigation. *Id.* at 564. The court found that such a practice "fails to comply with Rule 26's clear terms requiring written disclosures of expert

4

testimony." *Id.* at 565. Relying on Rule 26(a)(2)(B), the court noted "that reference to other testimony, without providing the complete statement of opinions and basis therefore in a self-contained document is not only insufficient under Rule 26, but is unworkable." *Id.* The court reasoned:

> In considering this matter, the court agrees with defendant that to allow such a broad designation would require not only the defendant, but also potentially the court, to review and evaluate the previous trial, deposition, and hearing transcripts involving these witnesses in an attempt to learn the basis of the testimony of the named witnesses to see if it conforms to their testimony in this case. However, the burden of designation is on the plaintiff, not the defendant or the court.

*Id.; see also S.W. by & through Wojcehowicz v. United States*, No. 1:19-CV-2947, 2021 WL 915900, at *2 (N.D. Ohio Mar. 10, 2021) (finding that under Rule 26(a)(2)(C), "mere reference to unspecified testimony is insufficient").

Similarly, in the instant matter, Plaintiff's expert disclosures incorporate the experts' previous trial and deposition testimonies taken in other cases and in the MDL. The Court finds that such a practice does not fairly identify the opinions Plaintiff relies on in this case. Accordingly, the Court finds the disclosures deficient under Rule 26(a)(2)(B).[1]

The Court has considered Plaintiff's arguments but agrees with Defendants that Plaintiff's arguments miss the point. For instance, Plaintiff argues that the Court should not waste its time deciding *Daubert* issues that were already adjudicated in the MDL. The instant Motion, however, challenges the sufficiency of the experts' reports and not their admissibility. Plaintiff submits that the deposition testimony coupled with an expert's Rule 26 report determine admissibility at trial.

---

[1] In a footnote, Defendants assert that Plaintiff's disclosures are deficient in other areas, such as not including a statement of compensation and a list of current publications. [Doc. 13 at 6 n.3]. In submitting amended expert disclosures, Plaintiff shall comply with all provisions of Rule 26(a)(2)(B).

5

At this time, however, the Court is not deciding whether the former deposition and trial testimony are admissible at the trial in this case. The Court is merely deciding whether the expert disclosures are sufficient under Rule 26(a)(2)(B), and the Court finds that they are not. Further, although Plaintiff has not relied on the Stipulation, the Court notes that the Stipulation does not permit the parties to avoid their obligations under Rule 26(a)(2)(B). The Stipulation simply allows the parties to use certain discovery that was taken in the MDL.

Given that Plaintiff's disclosures are deficient, the Court must now turn to the appropriate remedy. Defendants' Motion requests that the Court strike the expert disclosures or compel Plaintiff to comply with Rule 26(a)(2)(B). Accordingly, the Court **ORDERS** Plaintiff to comply with Rule 26(a)(2)(B) within thirty (30) days of the instant Memorandum and Order. *Ingram,* 282 F.R.D. at 565 (ordering plaintiff to "submit updated retained expert reports in compliance with Rule 26(a)(2)(B)").

### III. CONCLUSION

Accordingly, the Court finds Defendants' Motion to Strike Plaintiff's Deficient Expert Disclosures or to Compel Compliant Disclosures and Supporting Memorandum of Law [**Doc. 113**] well taken, and it is **GRANTED**. The Court **ORDERS** Plaintiff to submit updated expert reports in compliance with Rule 26(a)(2)(B) with thirty (30) days of entry of this Memorandum and Order.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge