UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KARLA L. PARTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CV-419-TRM-DCP |
| JOHNSON & JOHNSON and ETHICON, INC., | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Strike Plaintiff's Second Deficient Expert Disclosure for Dr. Anne Weber and Strike Untimely Expert Disclosure of Dr. Jimmy Mays ("Motion to Strike") [Doc. 124]. Plaintiff has responded in opposition [Doc. 127], and Defendants have replied [Doc. 128]. The Motion is ripe for adjudication. Accordingly, for the reasons explained below, the Court finds Defendants' Motion to Strike [**Doc. 124**] well taken, and the same is **GRANTED**.

**I.     POSITIONS OF THE PARTIES**

Defendants assert that Plaintiff's expert disclosure of Dr. Anne Weber ("Dr. Weber") is deficient, despite the Court ordering Plaintiff to submit compliant expert disclosures. Defendants state that Plaintiff disclosed Dr. Weber's prior trial testimony, which was contrary to the Court's previous Memorandum and Order [Doc. 123] and Federal Rule of Civil Procedure 26(a)(2)(B). In addition, Defendants argue that Dr. Weber's disclosure does not include an updated list of publications, testimony in the last four years, or a statement of compensation. Defendants request

that Dr. Weber be stricken as an expert for Plaintiff's failure to comply with the Court's Memorandum and Order [Doc. 123] and Rule 26(a)(2)(B).

Defendants also request that the Court strike the expert report of Dr. Jimmy Mays ("Dr. Mays"), arguing that the report is untimely. Defendants state that the deadline to disclose expert testimony was July 30, 2019, and Plaintiff did not disclose Dr. Mays before the deadline. Further, Defendants argue that Plaintiff did not request an extension of the expired deadline and that any request for more time would be unavailing because Plaintiff cannot demonstrate good cause or excusable neglect. Finally, Defendants assert that they are surprised and prejudiced by Plaintiff's late disclosure.

Plaintiff responds [Doc. 127] that Dr. Weber and Dr. Mays should be permitted to testify in this case. With respect to Dr. Weber, Plaintiff relies on *SMD Software, Inc., v. EMove, Inc.*, 945 F. Supp. 2d 628 (E.D. N.C. 2013), stating that the court refused to exclude the expert opinions that were not disclosed. Plaintiff states that, similar to the facts in *SMD Software,* all of the opinions in this case have already been disclosed by other experts or are similar to opinions that have been previously expressed. Further, Plaintiff states that in *SMD Software*, the court found that allowing evidence from the opposing party's late-disclosed expert would not disrupt the trial because no trial date had been set and a motion for partial summary judgment was pending. Plaintiff states that this is precisely the situation in this case.

With respect to Dr. Mays, Plaintiff argues that Defendants fail to recognize that the Sixth Circuit's reversal of this matter has essentially amounted to a re-set. Plaintiff contends that the previous expert disclosure deadlines are not in force after the matter was remanded from the Sixth Circuit. Plaintiff states that Defendants rely on the Scheduling Order [Doc. 16] from December 10, 2018, but it was entered by another District Judge and before the Sixth Circuit reversed this

2

case. Plaintiff contends, therefore, that the prior Scheduling Order is obsolete. In addition, Plaintiff states that there are new developments that occurred, rendering Dr. Mays's testimony particularly relevant. Plaintiff asserts that although there is no controlling scheduling order currently in place, even if there was a deadline, there is good cause pursuant to Rule 16 to allow both disclosures.

Specifically, Plaintiff explains that she acted diligently in disclosing Dr. Weber and Dr. Mays and that Defendants will suffer no prejudice due to any delay in these disclosures. Plaintiff anticipates formally moving to admit Dr. Weber's former testimony as she did with Dr. Klinge. Plaintiff states that as with Dr. Klinge, Defendants had the full opportunity to examine Dr. Weber. Plaintiff contends that a ruling on the motion concerning Dr. Klinge will likely foreshadow the decision on a comparable motion concerning Dr. Weber.[1] Finally, Plaintiff states that Defendants already have an expert on the issues implicated by Dr. Weber's and Dr. Mays's opinions.

Defendants maintain [Doc. 128] that the Court has already held that Dr. Weber's disclosure is deficient, and Plaintiff did not cure the deficiencies. Defendants state that Plaintiff makes the same arguments that she previously made to the Court, and the Court rejected such arguments. Defendants argue that Plaintiff's intention to move to admit Dr. Weber's prior testimony is not relevant to the instant issues. With respect to Dr. Mays, Defendants maintain that the disclosure was too late and that there is no basis to permit the late disclosure. Defendants contend that there were no new developments warranting a late expert disclosure.

---

[1] The Court notes that Plaintiff has moved to admit the former testimony of Dr. Uwe Klinge [Doc. 125]. In her Motion, Plaintiff states that Dr. Klinge is a materials expert and that his last known address is in Germany, rendering him unavailable to testify at this trial. Plaintiff states that she does not intend to travel to Germany to seek his deposition or request that he testify live at trial, and therefore, she seeks to admit his deposition testimony that was admitted during the trial in *Kaiser v. Johnson & Johnson*, No. 2:17-CV-114-PPS, 2018 WL 739871 (N.D. Ind. Feb. 7, 2018). Defendants have opposed this Motion [Doc. 126]. The Court has not ruled on this Motion.

3

II.  **ANALYSIS**

Accordingly, for the reasons more fully explained below, the Court finds Defendants' Motion to Strike [**Doc. 124**] well taken, and it is **GRANTED**.

The Court will first address the arguments with respect to Dr. Weber's disclosure and then turn to the arguments in relation to Dr. Mays's disclosure.

A.  **Dr. Weber**

By way of background, the Court entered a Memorandum and Order on April 5, 2021, directing Plaintiff to submit expert reports in compliance with Rule 26(a)(2)(B) within thirty (30) days. [Doc. 123]. Specifically, Plaintiff's previous expert disclosures incorporated prior deposition and trial testimony, which the undersigned found to be deficient. With respect to Dr. Weber, Plaintiff disclosed as follows, "We also expressly make part of this disclosure the testimony Dr. Weber gave in *Hammons v. Ethicon*, No. 003913 (Philadelphia County, Court of Common Pleas)." The Court concluded that this "practice does not fairly identify the opinions Plaintiff relies on in this case." [*Id.* at 5]. The Court, however, allowed Plaintiff to update the expert disclosures in order to comply with Rule 26(a)(2)(B). [*Id.* at 6].

Defendants assert that Plaintiff did not comply with the Court's previous Memorandum and Order [Doc. 123] in that Dr. Weber's disclosure remains deficient. Specifically, Plaintiff supplemented Dr. Weber's disclosure as follows:

> Plaintiff is not in a position to supplement Dr. Weber's expert report previously disclosed as Ex. 3 to the [R]ule 26 disclosure. Accordingly, Plaintiff will only seek to introduce Dr. Weber's former testimony as given in *Hammons* about Prolift as her expert testimony in the *Patron* trial. The referenced testimony in *Hammons* is attached hereto as Ex. 3.

4

[Doc. 124 at 3]. In addition, Defendants state that the disclosure does not contain a list of Dr. Weber's updated list of publications, testimony in the last four years, or a statement of compensation.

For the reasons stated in the Court's previous Memorandum and Order, the Court finds that the disclosure of Dr. Weber is deficient. *See* [Doc. 123]. The Court notes, however, that there is another reason to exclude Dr. Weber. Plaintiff acknowledges that Dr. Weber's disclosure does not contain a list of her publications, testimony in the last four years, or a statement of compensation. Rule 26(a)(2)(B) states that the expert disclosure "must" contain, in part, as follows:

> iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Crouch v. John Jewell Aircraft, Inc.*, No. 3:07-CV-638-DJH, 2016 WL 157470, at *2 (W.D. Ky. Jan. 12, 2016). The inclusion of the above information in the expert disclosure is mandatory. *Id.* at *4.

In *Crouch*, the court considered whether the expert should be prohibited from testifying because his disclosure did not include a list of publications, the testimony he provided in the past four years, compensation information, or the facts and data he considered. *Id.* at *3. The court held that the expert's failure to provide a complete list of publications was harmless because he simply failed to list two revised articles. *Id.* The court further held that the expert's failure to provide his compensation information was harmless because he eventually disclosed it. *Id.* at *4.

With respect to the failure to provide trial or deposition testimony, however, the court stated that such information must include "at a minimum, the courts in which the testimony occurred, the names of the parties and the case numbers, and must indicate whether the testimony was given at deposition or at trial." *Id.* (quoting *Ater ex rel. Ater v. Follrod*, No. 2:00-CV-934, 2004 WL 6042439, at *1 (S.D. Ohio Nov. 10, 2004)). The court found the expert's disclosure "particularly disturbing" because he failed "to supplement his report with a complete and useful list of trial or deposition testimony for the last four years, especially considering" the court ordered "plaintiffs to make expert disclosures that *fully comply* with Rule 26." *Id.* (Emphasis in original). The court concluded, "The failure to supplement [the] expert disclosure with a complete and useful list of trial and deposition testimony for the last four years stands as an independent basis upon which to prohibit him from testifying at trial." *Id*.

Similarly, Plaintiff acknowledges that Dr. Weber's disclosure does not contain a list of publications, compensation information, and trial/deposition testimony. *See also Phillips v. Tricam Indus., Inc.*, No. 1:19-CV-00184, 2020 WL 1816468, at *6 (W.D. Mich. Feb. 20, 2020) (finding exclusion was mandatory because the expert report was unsigned, and it did not include a statement of his qualifications, publications, list of cases, or his rates of compensation). Accordingly, the Court finds Dr. Weber's disclosure deficient under Rule 26(a)(2)(B).

Given that the Court finds Dr. Weber's disclosure deficient, the Court must consider sanctions. Rule 37 governs sanctions for the failure to provide expert witness disclosures. Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts have explained, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance

6

with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015), *aff'd*, 665 F. App'x 435 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)) (other citations omitted). Further, courts have explained that "exclusion of expert testimony is the 'standard sanction' for a violation of Rule 26." *Id.* (citing *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999)). The burden is on the potentially sanctioned party to prove harmlessness. *Id.* (citing *Roberts ex rel. Johnson*, 325 F.3d at 782).

In considering whether a party's omitted disclosure is substantially justified or harmless, the Court considers the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quotations omitted).

Plaintiff has not addressed many of the above factors. Instead, Plaintiff primarily argues that there is no prejudice to Defendants in allowing Dr. Weber's disclosure because Dr. Weber's testimony will be her former testimony, where Defendants already cross examined her, "and Plaintiffs should not need to supplement with credentials, publications, and compensation." [Doc. 127 at 6]. The Court is not aware of any authority that would excuse compliance with Rule 26(a)(2)(B) simply because a party cross examined a witness during another trial that occurred years before the instant Complaint was filed. *See Hammons v. Ethicon, Inc.*, 190 A.3d 1248, 1258 (2018) (noting that the trial occurred in December 2015).[2] The Court also notes that Plaintiff does

---

[2] Plaintiff also argues that exclusion is the exception not the rule and "that vigorous cross

not intend to provide this information and does not explain why such information was missing from the disclosure.

Further, Plaintiff relies on *SMD Software* in support of her position that Dr. Weber's disclosure should be permitted. In *SMD Software*, the plaintiff moved to strike an expert's opinions that were not disclosed in his report but provided during a deposition. *SMD Software*, 945 F. Supp. 2d at 648. The court declined to exclude the expert because other experts in the case had issued the same opinions, meaning the evidence was not surprising to plaintiffs. *Id.* In addition, the court noted that the plaintiffs had the opportunity to cure the defect by requesting leave to depose the expert again or raise the issue of exclusion sooner. *Id.* The court also held that allowing the evidence would not disrupt the trial because it had not been set, and a motion for partial summary judgment was pending. *Id.* Further, the court explained that the evidence was important. *Id.* The court concluded that the failure to include the opinions in the expert's report was harmless. *Id.*

The Court cannot render the same conclusion in the instant matter because Plaintiff has not provided a complete disclosure as required by Rule 26(a)(2)(B) and does not intend to provide a complete disclosure. In addition, Plaintiff has not explained the importance of Dr. Weber's testimony to her case. Finally, Plaintiff states that she intends to file a motion admitting Dr. Weber's former testimony. The Court, however, cannot address matters that are not formally before it. Accordingly, the Court find Defendants' position well taken.

---

examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking evidence." [Doc. 127] (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993)). The Court, however, is not considering whether Dr. Weber or Dr. Mays are qualified to testify or whether their testimony is reliable. The Court is simply determining whether their disclosures are adequate under Rule 26(a)(2) and timely under the Scheduling Order [Doc. 16].

8

## B. Dr. Mays

Defendants move to strike the expert disclosure of Dr. Mays on grounds that it is untimely. Plaintiff denies that the disclosure is untimely, arguing that there is no scheduling order and even if there was a scheduling order, Plaintiff asserts that she has presented good cause to disclose Dr. Mays at this time.

By way of background, the Complaint was filed on September 25, 2018, and on December 10, 2018, United States District Judge Harry Mattice entered a Scheduling Order [Doc. 16], setting a deadline for Plaintiff's expert disclosures on or before July 30, 2019. In October 2019, Defendants filed several *Daubert* motions with respect to Plaintiff's experts. Plaintiff requested that the Court stay briefing on Defendants' *Daubert* motions so that the Court could adjudicate her request that the *Daubert* rulings entered in the multi-district litigation ("MDL") be the law of this case. The Court denied Plaintiff's request for a stay but granted Plaintiff an extension to respond to Defendants' *Daubert* Motions. [Doc. 91]. Prior to Plaintiff filing her response, the Court granted Defendants' motion for summary judgment [Doc. 96] and closed the case on November 21, 2019. Plaintiff appealed on December 11, 2019. [Doc. 98].

On August 13, 2020, the Sixth Circuit reversed the Court's decision and remanded the case for further proceedings. [Doc. 100]. The case was thereafter reassigned to Chief District Judge Travis McDonough, who ordered the parties to file a status report on or before October 23, 2020, identifying the remaining issues in this case and proposing a trial date and schedule for the outstanding deadlines. [Doc. 107]. The parties could not agree to a joint status report, so they filed separate reports. [Docs. 108 and 109]. Relevant to the instant matter, Plaintiff did not mention a new deadline for expert disclosures in her status report. [Doc. 109].

While the instant Motion was pending, the Chief District Judge entered an Amended Scheduling Order [Doc. 132], setting deadlines for pretrial disclosures, the refiling of dispositive motions and *Daubert* motions, motions in limine, and requests for jury instructions. The Amended Scheduling Order [Doc. 132] does not contain a deadline for expert disclosures.

Plaintiff insists that the previous expert disclosure deadlines are not in force after the Sixth Circuit reversed this matter. The Court disagrees with Plaintiff's position for several reasons. First, Plaintiff has not cited to any authority in support of her position. Plaintiff contends that her position is supported by the Chief District Judge's Order to file a status report "identifying the remaining issues in this case and proposing a trial date and schedule for the outstanding deadlines." [Doc. 127 at 3] (quoting [Doc. 107]). The Court disagrees. The Chief District Judge's Order required the parties to propose a schedule for the "*outstanding* deadlines." [Doc. 107] (Emphasis added). The deadline for expert disclosures had long passed before the Court dismissed this case. In addition, Plaintiff's own status report [Doc. 109] does not propose a deadline for expert disclosures.

Further, Plaintiff states that new developments constitute reasons for allowing Dr. Mays's testimony in this case. Specifically, Plaintiff cites two articles, one from February 2020 and one from March 2021, regarding the degradation of pelvic mesh. Plaintiff, however, fails to sufficiently explain why the publication of two articles allows her to designate a new expert opinion in this case.

Finally, Plaintiff states that even though there are no deadlines in this case, she has presented good cause to disclose Dr. Mays at this time.[3] Specifically, Plaintiff argues that she

---

[3] As mentioned above, the Chief District Judge entered an Amended Scheduling Order [Doc. 13] on June 15, 2021.

acted diligently in disclosing Dr. Mays's testimony, but Plaintiff does not explain how she acted diligently. Further, Rule 6(b) states as follows:

> (1) In General. When an act may or must be done within a specific time, the court may, for good cause, extend the time:
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The Court has discretion to determine whether a party failed to act because of excusable neglect. *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, No. 3:16-CV-527-CRS, 2017 WL 472093, at *2 (W.D. Ky. Feb. 3, 2017) (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citations omitted). In determining whether excusable neglect exists, courts balance what are commonly referred to as the *Pioneer* factors as follows:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger*, 467 F.3d at 522 (citing *Pioneer Inv. Servs Col v. Brunswick Assoc., Ltd. P'Ship*, 507 U.S. 380, 395 (1993)).[4] The Sixth Circuit has also stated, however, that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

---

[4] "Although *Pioneer* arose from a bankruptcy proceeding, its discussion of excusable neglect also applies to Federal Rule of Civil Procedure 6(b)*.*" *Howard v. Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265, 267 (6th Cir. 2009) (other citations omitted).

The Court has considered these factors and finds that they do not weigh in Plaintiff's favor. The Court finds that Defendants will be prejudiced given that the Amended Scheduling Order [Doc. 132] does not set a new deadline for discovery.[5] The Court also finds that the length of time from the deadline to the disclosure of Dr. Mays is significant. The deadline for Plaintiff to disclose her experts expired on July 30, 2019. The case was dismissed on November 21, 2019, but the Sixth Circuit's mandate was issued on September 4, 2020. Plaintiff did not disclose Dr. Mays until May 5, 2021. Thus, excluding the time that this case was pending at the Sixth Circuit, the disclosure of Dr. Mays is approximately twelve (12) months overdue. Further, Plaintiff does not explain why she did not disclose Dr. Mays until May 2021, and why she could not provide his expert disclosure in July 2019. The Court, however, does not find bad faith.

Accordingly, based on the above factors, the Court does not find excusable neglect or good cause to modify the Scheduling Order to allow Plaintiff to disclose Dr. Mays. Further, the Court finds that Plaintiff has not met her burden in showing that this late disclosure is substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(2). As mentioned above, the deadlines in this case have expired. Plaintiff has not explained the reasons for the late disclosure, and Defendants have no opportunity to seek further discovery from Dr. Mays. While Plaintiff states that an untimely disclosure can be cured by modifying the Scheduling Order and providing additional time for discovery, Plaintiff has not filed a motion or made the requisite showing that the deadlines should be reopened. Accordingly, the Court finds Defendants' arguments well taken.

---

[5] The original deadline for discovery was September 24, 2019. [Doc. 16].

## III. CONCLUSION

Accordingly, for the reasons explained above, Defendants' Motion to Strike Plaintiff's Second Deficient Expert Disclosure for Dr. Anne Weber and Strike Untimely Expert Disclosure of Dr. Jimmy Mays [**Doc. 124**] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge